Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

Federal District of WYOMING

Division

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2024 SEP 13  AM 11: 48
MARGARET BOTKINS, CLERK
CASPER

|  |  |
|---|---|
| BEAU JAMES HENDRICKS | Case No. 24-CV-166-ABJ |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☒ Yes ☐ No |
| **-v-** | |
| WYOMING DEPTMENT OF REVENUE - BRENDA HENSON WYOMING DEPARTMENT OF FAMILY SERVICES - KRISTIE GORDY | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

**A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Beau-James:Hendricks |
| Street Address | 64 american lane |
| City and County | Gillette, Campbell |
| State and Zip Code | Wy 82716 |
| Telephone Number | 3076969642 |
| E-mail Address | zerbeau@proton.me |

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | BRENDA HENSON |
| Job or Title *(if known)* | EXECUTIVE DIRECTOR OF DEPARTMENT OF REVENUE |
| Street Address | 122 W 25th St, suite E301, Herschler Building East |
| City and County | Cheyenne, Laramie |
| State and Zip Code | Wyoming 82002 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | KRISTIE GORDY |
| Job or Title *(if known)* | TITLE IV-D DIRECTOR WYOMNG CHILD SUPPORT |
| Street Address | 2300 Capital Ave, 5th Floor Suite A |
| City and County | Cheyenne, Laramie |
| State and Zip Code | WY 82002 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

28 USC 1331, 28 USC 1391, 42 USC 652,  42 USC 1983,  UCC 3-603, 31 USC 3123, 18 USC 1028A, 42 USC 1985, 42 USC 1986, VIOLATION OF THE 14TH ADMENDENT,

### B.   If the Basis for Jurisdiction Is Diversity of Citizenship

1.   The Plaintiff(s)

   a.   If the plaintiff is an individual

   The plaintiff, *(name)*  Beau James family of Hendricks          , is a citizen of the
   State of *(name)*  Republic of Wyoming          .

   b.   If the plaintiff is a corporation

   The plaintiff, *(name)*          , is incorporated
   under the laws of the State of *(name)*          ,
   and has its principal place of business in the State of *(name)*

   _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

   a.   If the defendant is an individual

   The defendant, *(name)*          , is a citizen of
   the State of *(name)*          . Or is a citizen of
   *(foreign nation)*          .

Page 3 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

$680,300

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:              08/31/2024

Signature of Plaintiff        *Beau-James: Hendricks*
Printed Name of Plaintiff     Beau-James: Hendricks

### B.     For Attorneys

Date of signing:

Signature of Attorney         _____
Printed Name of Attorney      _____
Bar Number                    _____
Name of Law Firm              _____
Street Address                _____
State and Zip Code            _____
Telephone Number              _____
E-mail Address                _____

# IN THE UNITED STATES DISTRICT COURT
## OF WYOMING

BEAU JAMES HENDRICKS,  )

PLAINTIFF,             )

                      )     CIVIL ACTION NO. _____

v.                )

                      )     TRIAL BY JURY DEMANDED

WYOMING DEPARTMENT  )

OF REVENUE, )

WYOMING DEPARTMENT OF )

FAMILY SERVICES KRISTE )

GORDY IV-D )

## COMPLAINT

COMES NOW, Plaintiff Beau-James:Hendricks, pro se, and files this

Complaint against the Defendants, Wyoming Department of Revenue, Wyoming

Department of Family Services Kriste Gorder title IV-D  and respectfully shows this Court the following:

## INTRODUCTION

1.    This is a civil action seeking damages and injunctive relief against the Defendant for acts committed under color of state law, which deprived Plaintiff of rights secured under the Fourteenth Amendment to the United States Constitution and other applicable laws. Plaintiff seeks a default judgment for failure of the Defendant(s) to respond to the Plaintiff's claims regarding the unlawful collection actions undertaken by the Defendant(s).

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States.

3.   Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events or omissions giving rise to the Plaintiff's claims occurred in this district.

## THE PARTIES

4.   Plaintiff Beau-James:Hendricks State citizen of the United States of America and a resident of the Wyoming Republic.

5.   Defendant Wyoming Department of Revenue is a governmental entity organized under the laws of the State of Wyoming and is subject to the jurisdiction of this Court. Defendant may be served with process at its main office located at 122 W 25th St Ste E301, Herschler Building East, Cheyenne WY 82002-0110.

6.   Defendant Wyoming Department of Family Services, Kriste Gordy title IV-D, is a governmental entity organized under the laws of the State of Wyoming and is subject to the jurisdiction of this Court. Defendant may be served with process at its main office located at 2300 Capital Ave, 5th Floor Suite A, Cheyenne, Wyoming 82002.

## FACTUAL ALLEGATIONS

7.   On August 1st, 2023, Plaintiff was subjected to a paycheck seizure by Defendant Wyoming Department of Revenue (DOR), purportedly to satisfy child support obligations, without enrollment by Plaintiff.

8.   The Defendant DOR's actions have resulted in the Plaintiff being deprived of income, suffering financial, emotional and reputational damages.

9.   Plaintiff has submitted multiple objections and requests for review to the DOR, none of which have been adequately addressed or resolved. Kristie Gordy IV-D failure to respond to Plaintiff's objections and legal arguments have resulted in the Plaintiff incurring significant costs in conducting legal research and responding to the actions of the Defendants.

10.   On April 22, 2024, the Plaintiff made presentment of a NOTICE OF COUNTEROFFER, COUNTER DEMAND OF DEBT SETTLEMENT, AFFIDAVIT FOR COUNTEROFFER, DEMAND AND SETTLEMENT, SURETY BOND and DOR presentment with UCC CONTRACT TRUST ENDORSEMENT to the Wyoming Department of Revenue (DOR), for the setoff, settlement, and closure of Account No. 260300, via USPS Certified Mail No. 9589071052700290141404. violation of Plaintiff's rights to due process under the Fourteenth Amendment.

11.     The Presentment was delivered to the DOR on April 24, 2024.

12.     On May 2nd, 2024, the Plaintiff made presentment of a NOTICE AND

DEMAND, AFFIDAVIT OF CLAIM, and a FEE SCHEDULE to the Wyoming

Department of Revenue, via USPS Certified Mail No.

9589071052700290153384.

13.     The Presentment was delivered to the DOR on May 7th, 2024.

14.     On May 16, 2024, the Plaintiff made presentment of a NOTICE OF

FAULT IN DISHONOR OPPORTUNITY TO CURE to the Wyoming

Department of Revenue, via USPS Certified Mail No.

9589071052700290141428.

15.     The Presentment was delivered to the DOR on May 20th, 2024.

16.     On June 8th, 2024, the Plaintiff made presentment of an AFFIDAVIT OF

NOTICE OF DEFAULT to the Wyoming Department of Revenue, via USPS

Certified Mail No 9589071052701957202667.

17.     The Presentment was delivered to the DOR on June 12th, 2024.

18.     On June 12th, 2024, Plaintiff made presentment of a CERTIFICATE OF

NON-RESPONSE sent via USPS Certified Mail No. 9589071052701957202650

19.     The Presentment was delivered to the DOR on June 14th, 2024.

20.    On June 29th, 2024, Plaintiff made presentment of a NOTICE OF

DEFAULT IN DISHONOR AND CONSENT TO JUDGMENT and REQUEST

REGARDING A STATEMENT OF ACCOUNT sent via USPS Certified Mail

No. 9589071052701957213144, detailing the events leading to the default.

21.    The Presentment was delivered to the DOR on July 5th, 2024.

22.    DOR's failure to sufficiently respond or timely honor the Presentment, by

the terms of the Presentment, constitutes DOR's acceptance and approval of the

REQUEST REGARDING A STATEMENT OF ACCOUNT.

23.    As of September 1st, 2024, Plaintiff had not received a sufficient response

to the Presentment, thereby placing the DOR at fault, as evidenced by the

CERTIFICATE OF NON-RESPONSE dated June 12th, 2024.

24.    DOR's failure to perform by the terms of the Presentment constitutes

DOR's acceptance and approval of the granting and conveying of a Specific

Power of Attorney to the Plaintiff to perform the duties of DOR stipulated

therein.

25.    DOR's failure to perform by the terms of the Fault Notice constitutes

DOR's acceptance and approval of the granting and conveying of a Specific

Power of Attorney to the Plaintiff to perform the duties of DOR stipulated

therein.

26.   DOR's failure to sufficiently respond or timely honor the Fault Notice, by the terms of the Fault Notice, constitutes DOR's acceptance and approval of the REQUEST REGARDING A STATEMENT OF ACCOUNT incorporated with the Presentment.

27.   DOR's acceptance and approval of the REQUEST REGARDING A STATEMENT OF ACCOUNT constitutes DOR's agreement to the stipulated aggregate amount of unpaid obligations being Zero ($0.00) and 00/100 dollars.

28.   As an operation of law, DOR, by dishonor of the Presentment and the Fault Notice, has created a default.

## CAUSES OF ACTION

### Count One: Violation of 42 U.S.C. § 652 (Child Support Enforcement Compliance)

43.   Plaintiff incorporates each of the above factual allegations as if fully restated here.

44.   The enforcement of child support under the Title IV-D program must comply with federal laws, particularly 42 U.S.C. § 652, which governs child support enforcement procedures.

45.    Defendant Wyoming Department of Revenue's (DOR's) actions in enforcing child support obligations without adhering to these federal statutes are unlawful.

46.    The Defendant DOR has engaged in enforcement actions such as bank funds seizure and threats of wage garnishment and license suspension without providing proper notice or an opportunity for the Plaintiff to be heard, thus violating due process rights.

47.    The Defendant DOR has enforced child support agreements without obtaining proper judicial review or approval, failing to ensure that the Plaintiff's rights are protected and that enforcement actions are fair and justified.

48.    The Defendant DOR has engaged in inconsistent and arbitrary enforcement practices, resulting in disproportionate penalties and enforcement actions that do not consider the Plaintiff's financial circumstances and ability to pay.

49.    The Defendant DOR has utilized extensive databases to track and enforce child support orders, raising significant privacy concerns. There has been unauthorized access or misuse of the Plaintiff's personal information, infringing upon Plaintiff's privacy rights.

50.    The Defendant DOR has failed to accurately account for and disburse collected child support funds, leading to financial harm. Discrepancies in

financial reporting highlight concerns about transparency and accountability in the administration of the program.

51.     The inconsistent and unpredictable nature of the Defendant's enforcement actions has caused Plaintiff substantial emotional suffering, anxiety, and stress.

52.     Plaintiff has been subjected to financial difficulties due to the Defendant's mishandling and unauthorized use of personal data.

53.     The Defendant's failure to adhere to federal statutes governing child support enforcement has resulted in significant harm to the Plaintiff, warranting legal action to seek redress and ensure compliance with the law.

54.     As a result of Defendant's non-compliance with 42 U.S.C. § 652, Plaintiff has suffered financial and emotional damages.

## Count Two: Violation of 42 U.S.C. § 1983 (Civil Action for Deprivation of Rights)

55.     Plaintiff incorporates each of the above factual allegations as if fully restated here.

56.     Department of Revenue, acting under color of state law, deprived Plaintiff of rights secured by the Constitution and laws of the United States, including the Fourteenth Amendment.

57.     The public and unauthorized actions taken by Defendant DOR, including privacy violations and unwarranted enforcement measures, have damaged the Plaintiff's reputation within the community and professional circles.

58.     The Defendant's actions have not only violated federal statutes but also fundamental constitutional protections, warranting relief under 42 U.S.C. § 1983 to address the deprivation of the Plaintiff's rights.

59.     Defendant's actions have resulted in Plaintiff suffering financial, emotional, and reputational damages.

60.     As a direct result of the Defendant's unlawful actions, the Plaintiff seeks compensatory and punitive damages and any other relief the Court deems appropriate to redress the deprivation of rights and to ensure future compliance with constitutional and federal law.

61.     The Plaintiff requests the Court to issue a declaratory judgment affirming that the Defendant's actions violated the Plaintiff's constitutional rights and to issue an injunction preventing the Defendant from engaging in such conduct in the future.

**Count Three: Violation of UCC 3-603 (Obligation to Negotiate Instruments)**

62.     Plaintiff incorporates each of the above factual allegations as if fully restated here.

63.     Defendant Wyoming Department of Revenue failed to comply with the obligation to negotiate instruments as required by UCC 3-603.

64.     The Defendant DOR did not properly negotiate or handle the instruments related to the Plaintiff's child support payments. This includes failing to follow the required procedures for accepting, processing, and crediting payments made by or on behalf of the Plaintiff.

65.     Defendant DOR's failure to adhere to UCC 3-603 resulted in improper handling of the financial instruments, causing misallocation or misapplication of the Plaintiff's payments. This improper handling violates the standards set forth in the Uniform Commercial Code for the negotiation and management of financial instruments.

66.     Defendant's actions constituted securities fraud by not adhering to the proper procedures within the specified timeframe. The mishandling of payments and failure to negotiate the instruments correctly led to false and misleading representations about the status and application of the Plaintiff's payments.

67.     Defendant's conduct in failing to properly negotiate and manage the instruments related to child support payments has caused significant financial harm to the Plaintiff. This includes incorrect reporting of payment status,

unwarranted enforcement actions based on alleged non-payment, and financial penalties.

68.    The Plaintiff has incurred additional costs and fees as a result of the Defendant's failure to comply with UCC 3-603, including but not limited to legal fees, administrative fees, and other related expenses arising from the need to correct and dispute the improper handling of payments.

69.    As a direct and proximate result of Defendant's actions, the Plaintiff has suffered financial damages, including but not limited to loss of funds, increased debt, and damage to credit standing.

70.    As a result, Defendant Wyoming Department of Revenue committed securities fraud by not adhering to the proper procedures within the specified timeframe.

71.    The Plaintiff seeks compensatory damages for the financial losses incurred due to the Defendant's improper handling and failure to negotiate the instruments as required by UCC 3-603.

72.    The Plaintiff requests the Court to issue a declaratory judgment affirming that the Defendant's actions violated UCC 3-603 and to order the Defendant DOR to comply with all obligations related to the proper negotiation and management of financial instruments.

73.    The Plaintiff further seeks any additional relief the Court deems appropriate to redress the financial damages and to ensure future compliance with the standards set forth in UCC 3-603.

## Count Four: Violation of 31 U.S.C. § 3123 (Government Misrepresentation of Payment Obligations)

74.    Plaintiff incorporates each of the above factual allegations as if fully restated here.

75.    The Defendant Wyoming Department of Revenue misrepresented payment obligations, suggesting that individual citizens are responsible for bills that should be considered government obligations under 31 U.S.C. § 3123.

76.    31 U.S.C. § 3123 states that obligations issued by the government shall be paid by the Treasury. The statute ensures that payment of government obligations is a federal responsibility, not an individual citizen's burden.

77.    Defendant DOR's actions included incorrectly attributing the responsibility of certain financial obligations to the Plaintiff, which should have been recognized and managed as government obligations. This misrepresentation led to the improper collection efforts directed at the Plaintiff.

78.    The Defendant's misrepresentation of payment obligations resulted in undue financial pressure on the Plaintiff, including but not limited to wage

garnishment, tax refund interceptions, and other enforcement actions based on the incorrect classification of the debt.

79.     Defendant By misrepresenting the nature of these obligations, Defendant Wyoming Department of Revenue violated federal law, specifically 31 U.S.C. § 3123, which protects individuals from being wrongfully held liable for obligations that are legally the responsibility of the government.

80.     DOR's actions directly caused the Plaintiff to incur financial damages. These damages include wrongful collection of funds, additional interest and penalties, legal fees, and other costs associated with disputing and addressing the misrepresented obligations.

81.     As a direct and proximate result of Defendant's misrepresentation of payment obligations, the Plaintiff has experienced significant financial harm, including but not limited to loss of income, increased financial stress, and damage to creditworthiness.

82.     Plaintiff seeks compensatory damages for the financial losses incurred due to the Defendant's misrepresentation of payment obligations, as well as any associated legal and administrative costs.

83.     The Plaintiff requests the Court to issue a declaratory judgment affirming that the Defendant's actions violated 31 U.S.C. § 3123 and to order the

Defendant to cease misrepresenting government obligations as individual liabilities.

84.    The Plaintiff further seeks injunctive relief to prevent Defendant DOR from continuing such misrepresentations in the future and to ensure proper classification and management of obligations as mandated by federal law.

85.    The Plaintiff also requests any additional relief the Court deems appropriate to redress the financial damages and to ensure compliance with 31 U.S.C. § 3123 in all future dealings.

## Count Five: Violation of 18 U.S.C. § 1028A (Identity Theft in Child Support Enrollment)

86.    Plaintiff incorporates each of the above factual allegations as if fully restated here.

87.    The unauthorized enrollment of Plaintiff in the child support program constitutes identity theft under 18 U.S.C. § 1028A.

88.    18 U.S.C. § 1028A criminalizes the knowing and unlawful use of another person's identification to commit, aid, or abet any unlawful activity, including the improper enrollment in government programs.

89.    Defendant DOR's actions involved the unauthorized use of Plaintiff's personal identification information, including but not limited to Social Security

number, date of birth, and other identifying details, to enroll Plaintiff in the child support program.

90.    The unauthorized enrollment was done without Plaintiff's knowledge or consent, and no valid legal process justified this action, thereby constituting a clear case of identity theft as defined under federal law.

91.    As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered financial damages. These damages include but are not limited to wrongful bank fund seizure and other financial losses resulting from the improper enrollment.

92.    Plaintiff has also endured significant emotional distress due to the identity theft. The unauthorized use of Plaintiff's personal information has led to anxiety, stress, and the burden of rectifying the false enrollment and its consequences.

93.    Defendant DOR's actions have further resulted in reputational harm to Plaintiff. The false enrollment in the child support program has led to unjustified legal and financial assumptions about Plaintiff's responsibilities and obligations.

94.    Plaintiff seeks compensatory damages for the financial losses incurred due to the identity theft, including restitution of wrongfully seizing funds, as well as damages for emotional distress.

95.    Plaintiff requests the Court to issue a declaratory judgment affirming that Defendant's actions violated 18 U.S.C. § 1028A and to order the Defendant to cease unauthorized use of personal identification information.

96.    Plaintiff further seeks injunctive relief to prevent Defendant from engaging in similar identity theft actions in the future, ensuring proper consent and legal justification for any enrollment in government programs.

97.    Plaintiff also requests any additional relief the Court deems appropriate to redress the financial and emotional damages caused by Defendant's identity theft and to secure Plaintiff's personal information against further unauthorized use.

## Count Seven: Violation of 42 U.S.C. § 1985 (Conspiracy to Interfere with Civil Rights)

108.    Plaintiff incorporates each of the above factual allegations as if fully restated here.

109.    Defendant Wyoming Department of Revenue conspired to deprive Plaintiff of equal protection of the laws and equal privileges and immunities under the laws, in violation of 42 U.S.C. § 1985.

110.    Defendant conspired with other state agencies and officials to enforce child support obligations and penalties in a manner that discriminated against Plaintiff and denied Plaintiff equal treatment under the law.

111.   Defendant coordinated efforts to enforce child support payments without providing proper notice, hearings, or the opportunity to contest the enforcement actions, thereby depriving Plaintiff of due process rights.

112.   Defendant misrepresented the nature and extent of Plaintiff's payment obligations, suggesting that individual citizens are responsible for bills that should be considered government obligations, thereby misleading Plaintiff and causing financial harm.

113.   The actions of Defendant Wyoming Department of Revenue and its co-conspirators were done with the intent to discriminate against Plaintiff and to deny Plaintiff the equal protection of the laws guaranteed by the Fourteenth Amendment.

114.   As a result of this conspiracy and the resulting deprivation of Plaintiff's civil rights, Plaintiff has suffered substantial financial damages, including but not limited to unlawful enforcement actions leading loss of income, increased transportation costs and potential loss of employment opportunities due to the threat of driver's license suspension and legal fees incurred in attempting to defend against unlawful enforcement actions and to protect Plaintiff's rights.

115.   Plaintiff has also suffered significant emotional damages, including anxiety, stress, and mental anguish caused by the continuous threat of unfair enforcement actions and the deprivation of fundamental rights.

116.   Plaintiff seeks compensatory damages for the financial and emotional

harms caused by Defendant's actions, including any economic losses and mental

suffering resulting from the conspiracy to interfere with Plaintiff's civil rights.

117.   Plaintiff requests the Court to issue a declaratory judgment affirming that

Defendant's actions violated 42 U.S.C. § 1985 by conspiring to deprive Plaintiff

of equal protection of the laws and equal privileges and immunities under the

laws.

118.   Plaintiff further seeks injunctive relief to prevent Defendant DOR from

engaging in similar conspiracies and civil rights violations in the future, ensuring

that Plaintiff and others are protected from discriminatory and unlawful

enforcement practices.

119.   Plaintiff also requests any additional relief the Court deems appropriate to

redress the financial and emotional damages caused by Defendant's conspiracy

and to safeguard Plaintiff's civil rights against future interference.

## Count Eight: Violation of 42 U.S.C. § 1986 (Neglect to Prevent Conspiracy)

121.   Plaintiff incorporates each of the above factual allegations as if fully

restated here.

122.   Defendant Wyoming Department of Revenue had knowledge of the

wrongs conspired to be dos referenced in Count Seven, and had the power to

prevent or aid in preventing the commission of the same but neglected or refused so to do, in violation of 42 U.S.C. § 1986.

123.   Despite possessing the power and duty to intervene and prevent the deprivation of Plaintiff's civil rights through the discriminatory conspiracy detailed in Count Seven, Defendant DOR failed to take any reasonable steps to halt or mitigate the ongoing violations.

124.   By neglecting to intervene and prevent the unlawful actions of its employees, agents, or co-conspirators, Defendant DOR allowed the discriminatory enforcement practices and violations of Plaintiff's constitutional rights to persist unabated.

125.   As a direct and proximate result of Defendant's inaction and failure to prevent the conspiracy described in Count Seven, Plaintiff has suffered significant financial and emotional damages.

126.   Plaintiff has incurred financial losses, including but not limited to Expenses related to defending against unlawful enforcement actions and attempting to rectify the resulting financial harm, economic hardships resulting from arbitrary enforcement practices and threats of punitive measures, such as wage garnishments and legal costs associated with seeking redress for the violations of Plaintiff's civil rights.

131.   Plaintiff incorporates each of the above factual allegations as if fully restated here.

132.   The Wyoming Department of Revenue seized funds from Plaintiff's bank account without proper legal authorization or due process, violating Plaintiff's Fourth Amendment rights.

133.   The Fourth Amendment protects individuals against unreasonable searches and seizures, requiring that such actions be conducted pursuant to a valid warrant supported by probable cause or under specific exceptions recognized by law.

134.   In this case, Defendant DOR's seizure of funds from Plaintiff payroll wages was conducted without the requisite legal authorization, warrant, or valid exception to the Fourth Amendment's requirements.

135.   By unlawfully depriving Plaintiff of their property through the unauthorized seizure of funds, Defendant violated Plaintiff's constitutional rights and subjected them to financial harm and distress.

136.   As a direct and proximate result of Defendant's actions, Plaintiff has incurred financial losses and emotional distress, including but not limited to the loss of funds wrongfully seized from Plaintiff's payroll wages, which was necessary for essential living expenses or other financial obligations and emotional distress and anxiety resulting from the sudden and unauthorized

deprivation of Plaintiff's property without adequate legal recourse or due process protections.

137. Plaintiff seeks redress for the financial losses suffered due to Defendant's unlawful seizure of funds, as well as compensation for the emotional distress and inconvenience caused by the violation of their Fourth Amendment rights.

138. Additionally, Plaintiff requests that the Court issue injunctive relief to prevent future unauthorized seizures of funds by Defendant and to ensure compliance with constitutional standards regarding searches and seizures under the Fourth Amendment.

139. Considering Defendant's infringement upon Plaintiff's constitutional rights and the consequent harm endured, Plaintiff additionally pursues any other suitable relief deemed fair and equitable by the Court to adequately address the complete extent of the damages suffered.

## Count Ten: Violation of Fourteenth Amendment (Due Process and Fundamental Fairness)

140. Plaintiff incorporates each of the above factual allegations as if fully restated here.

141. As a direct and proximate consequence of Defendant's violations of due process and fundamental fairness under the Fourteenth Amendment, Plaintiff has

suffered financial damages, including but not limited to potential loss of employment opportunities, increased transportation costs, and other economic hardships arising from the threat of license suspension.

142.   Additionally, Plaintiff has experienced significant emotional distress due to the threat of license suspension. The fear of losing the ability to drive, which is essential for daily life and livelihood, has caused anxiety, stress, and mental anguish.

143.   Plaintiff requests the Court to issue a declaratory judgment affirming that Defendant's actions violated the Fourteenth Amendment by depriving Plaintiff of due process rights under the United States Constitution.

## Count Eleven: Violation of 42 U.S.C. § 1983 (Enforceability of Orders by Hearing Officers)

151.   Plaintiff incorporates each of the above factual allegations as if fully restated here.

152.   Recommendations made by child support hearing officers must be reviewed and signed by a circuit court judge to become enforceable. Failure to do so violates Plaintiff's due process rights under the Fourteenth Amendment.

153.   This procedural safeguard ensures that decisions regarding child support obligations undergo judicial scrutiny before being enforced, thereby safeguarding the due process rights of all parties involved.

154.   As a consequence of the Defendant 6th District Judicial Court Gillette, Campbell County's actions, Plaintiff has suffered significant financial and emotional damages. The failure to ensure the enforceability of child support orders through proper judicial review has resulted in adverse consequences for Plaintiff, including but not limited to financial burdens, emotional distress, and disruptions to familial relationships.

**Count Twelve: Violation of Federal Law Compliance (Title IV-D Program)**

155.   Plaintiff incorporates each of the above factual allegations as if fully restated here.

156.   The Title IV-D program, established under federal law, is designed to ensure effective and uniform enforcement of child support obligations across states. Compliance with federal statutes is imperative to maintain the integrity and legality of the program.

157.   Violations of federal laws within the Title IV-D program can encompass various aspects, including procedural errors, misapplication of regulations, and failure to uphold the rights of obligors and recipients.

158.   Plaintiff contends that Wyoming Department of Revenue's actions, allegedly breaching federal law within the Title IV-D program, have resulted in a cascade of adverse consequences. These include erroneous enforcement actions, unjust financial burdens on obligors, and the erosion of trust in the child support system.

159.   Furthermore, Defendant's non-compliance with federal laws has created a ripple effect, extending beyond mere financial implications. Plaintiff has endured emotional distress, anxiety, and mental anguish as a direct consequence of Defendant's actions.

160.   It is imperative to underscore that the Title IV-D program's compliance with federal laws is not merely a technical requirement but a fundamental safeguard for the rights and interests of all parties involved. Any deviation from these legal standards undermines the program's legitimacy and effectiveness.

161.   Plaintiff seeks not only redress for the tangible financial losses suffered but also recognition of the emotional toll inflicted by Defendant's alleged violations. The damages incurred extend beyond mere monetary compensation, encompassing the broader impact on Plaintiff's well-being and sense of justice.

162.   By pursuing legal action against Defendant, Plaintiff aims to not only rectify the immediate harm caused but also to compel adherence to federal laws

within the Title IV-D program, thereby safeguarding the rights and interests of all participants in the child support system.

163.   As a direct and proximate result of Wyoming Department of Revenue's actions, Plaintiff has suffered financial and emotional damages.

## Count Thirteen: Violation of Subpoena Power (Privacy and Due Process)

164.   Plaintiff incorporates each of the above factual allegations as if fully restated here.

165.   The executive director of the Department of Revenue or their designee's issuance of subpoenas for personal financial information must comply with legal standards to avoid infringing on individuals' privacy and due process rights.

166.   The misuse of subpoena power by Defendant DOR has resulted in tangible harm to Plaintiff, both financially and emotionally. Financial damages include the costs associated with responding to subpoenas, such as legal fees, administrative expenses, and disruptions to financial stability. Moreover, the unauthorized disclosure of personal financial information can lead to reputational harm, identity theft risks, and other adverse consequences.

167.   Beyond the quantifiable financial losses, Plaintiff has endured emotional distress and anxiety stemming from the invasion of privacy and perceived violations of due process. The indiscriminate use of subpoena power without

adequate safeguards erodes trust in the integrity of the legal system and exacerbates feelings of vulnerability and insecurity among affected individuals.

168.   As a direct and proximate result of Defendant's misuse of subpoena power, Plaintiff has suffered financial and emotional damages.

## Count Fourteen: Fraudulent Operation of Title IV-D Child Support Agencies

169.   Plaintiff incorporates each of the above factual allegations as if fully restated here.

170.   Title IV-D child support agencies operate outside federal territories, as defined by 42 U.S.C. §§ 651-669(b), which delineates the jurisdiction as the District of Columbia.

171.   These agencies lack the jurisdiction to enforce child support under federal law outside the defined federal territories.

172.   Defendant Wyoming Department of Revenue actions in enforcing child support obligations through these agencies constitutes fraudulent activity, as they are operating beyond their legal jurisdiction.

173.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered financial and emotional damages due to the unauthorized and fraudulent enforcement of child support obligations.

174.   Plaintiff seeks relief for the harm caused by these fraudulent actions and requests that the court declare the actions of the Title IV-D child support agencies as unlawful and void due to their lack of jurisdiction.

## Count Fifteen: Violation of Sovereign State Citizen Rights

175.   Plaintiff incorporates each of the above factual allegations as if fully restated here.

176.   Sovereign state citizens maintain rights that are independent and not subject to legal process without their explicit consent.

177.   Federal jurisdiction does not automatically apply to sovereign state citizens unless explicitly consented to by the individual.

178.   Unauthorized actions taken by state child support agencies against sovereign state citizens, without their explicit consent, constitute a violation of their rights.

179.   Defendant Wyoming Department of Revenue's actions in enforcing child support obligations against sovereign state citizens without their explicit consent are unlawful and invalid.

180.   As a direct consequence of Defendant's actions, Plaintiff has suffered infringements upon their rights as a sovereign state citizen.

181.   Plaintiff seeks redress for the violations of their rights and requests that

the court declare the unauthorized actions of state child support agencies against

sovereign state citizens as null and void.

## Count Sixteen: Unconstitutionality of Child Support Enforcement

182.   Plaintiff hereby incorporates each of the above factual assertions as if

fully set forth herein.

183.   The enforcement of child support by Defendant Wyoming Department of

Revenue, as currently practiced, constitutes a violation of the Wyoming

Constitution, specifically in the context of the separation of powers doctrine

outlined in Article III, Section 9.

184.   The separation of powers doctrine mandates that each branch of

government—executive, legislative, and judicial—has distinct and separate

functions and one branch may not exercise the powers of another branch except

as expressly provided in the constitution.

185.   Child support enforcement, as conducted by the executive branch of the

United States through contracts with state and county executive branches,

circumvents the authority of the judicial branch, thereby infringing upon the

principles of separation of powers enshrined in the Wyoming Constitution.

186.   The individuals presiding over child support enforcement proceedings, often referred to as administrative law judges or child support enforcement agents, do not hold positions within the judicial branch and lack the authority of judicial officers. Thus, they operate outside the purview of the judicial system.

187.   The adjudication of child support matters by administrative law judges or child support enforcement agents violates the exclusive jurisdiction of the judicial branch to hear and decide civil and criminal matters.

188.   By allowing administrative law judges or child support enforcement agents to practice law and make determinations that are comparable to those of district court judges, the current child support enforcement process confers powers upon non-judicial officers that exceed those delineated by the Wyoming Constitution.

189.   The administrative process employed in child support enforcement infringes upon the original jurisdiction of district courts, as established by the Wyoming Constitution, thereby encroaching upon the rightful authority of the judicial branch.

190.   Furthermore, the jurisdiction of administrative law judges or child support enforcement agents is not subordinate to that of district courts, contravening the constitutional principle that administrative bodies should operate within inferior jurisdiction to the courts.

191.   The current child support enforcement structure empowers individuals who are not attorneys to engage in the practice of law, a function reserved exclusively for the judicial branch under the Wyoming Constitution.

192.   As a result of these constitutional violations, the administrative process utilized in child support enforcement undermines the separation of powers doctrine and infringes upon the fundamental principles of governance established by the Wyoming Constitution.

193.   The unconstitutional nature of child support enforcement by Defendant Wyoming Department of Revenue, as determined by the Minnesota Supreme Court (Holmberg v. Holmberg) and echoed in the principles of the Wyoming Constitution, renders the current system incompatible with the legal framework intended to safeguard the rights and liberties of Wyoming residents.

194.   Plaintiff contends that the unconstitutional enforcement of child support not only violates the separation of powers doctrine but also undermines the integrity of the judicial system and denies individuals their due process rights under the law.

195.   Plaintiff seeks a declaration from this honorable court affirming the unconstitutionality of the current child support enforcement process and demanding corrective action to ensure compliance with the principles of separation of powers outlined in the Wyoming Constitution.

196.   Through this action, Plaintiff aims to restore the integrity of the judicial system, safeguard individual liberties, and uphold the foundational principles of governance established by the Wyoming Constitution.

## LEGAL BASIS

197.   **Blessing v. Freestone (520 U.S. 329):** The 9th Circuit Court of Appeals ruled that Title IV-D programs do not benefit children or custodial parents directly, negating federal rights to the program. The Supreme Court ruled that individuals do not have enforceable rights under Title IV-D of the Social Security Act to compel state compliance with federal child support enforcement standards through 42 U.S.C. § 1983. This case limits the ability of individuals to use federal courts to enforce state compliance with federal child support regulations.

198.   **Kavadas v. Department of Motor Vehicles (Docket No. MER-L-1044-15):** In this 2019 New Jersey case, the court ruled that the automatic suspension of driver's licenses due to nonpayment of child support violates due process and fundamental fairness.

199. **Monell v. Department of Social Services of the City of New York (436 U.S. 658):** This case established that local governments can be sued under 42 U.S.C. § 1983 for civil rights violations resulting from their official policies or customs. It clarified the scope of liability for governmental entities in civil rights cases.

200. **Holmberg v. Holmberg (578 N.W.2d 817):** In this case, it was established that administrative agencies lack the subject matter jurisdiction to decide constitutional issues, which are within the exclusive province of the judicial branch. This ensures that constitutional matters receive appropriate judicial consideration.

201. **Ex parte Young (209 U.S. 123):** This case established that state officials can be sued in their official capacity for prospective relief to end ongoing violations of federal law. It allows individuals to seek injunctions against state officials to prevent the enforcement of unconstitutional state actions.

202. **Neland v. Clearwater Memorial Hospital (257 N.W.2d 366):** This case reaffirms that administrative agencies are precluded from deciding constitutional issues. Constitutional questions must be addressed in judicial courts, ensuring proper legal procedures and protections are followed.

# PRAYER FOR RELIEF

WHEREFORE, Beau James Hendricks requests the following relief:

203.   **Default Judgment:** Enter a default judgment against Defendant, Wyoming Department of Revenue, for failing to provide a legal basis for their actions.

204.   **Damages:** Award damages totaling $680,300.00 for emotional distress, mental anguish, defamation, mail threats, unauthorized communication, legal research, miscellaneous expenses and seized funds reimbursement.

205.   **Declaratory Relief:** Declare that the actions taken by the Wyoming Department of Revenue and related agencies were unauthorized and void.

206.   **Injunctive Relief:** Permanently enjoin the Wyoming Department of Revenue from further unauthorized actions against Plaintiff.

207.   **Other Relief:** Grant any other relief the Court deems just and proper.

## REQUEST FOR DAMAGES: RATIONALE FOR AWARDING $701,500.00

The plaintiff respectfully requests the Court to award damages totaling $680,300.00. This amount is sought to compensate for the significant harm and

losses experienced as a direct result of the unlawful actions and negligence of

the Wyoming Department of Revenue (DOR) and associated state agencies. The

breakdown of damages is as follows:

208.  **Emotional Distress - $200,000.00**

**Legal Basis**: 32 CFR § 536.77(a)(3)(vii)

**Explanation**: The unlawful imposition and enforcement of child support have

caused severe emotional distress. This includes anxiety, depression, and other

psychological impacts that have significantly affected the plaintiff's daily life

and well-being.

209.  **Mental Anguish - $200,000.00**

**Legal Basis**: 42 CFR § 488.301

**Explanation**: The continuous threats and coercive tactics used by the DOR,

including threats of license suspension and potential incarceration, have inflicted

prolonged mental anguish. This persistent stress has hindered the Plaintiff's

ability to function normally and has had a detrimental impact on mental health.

210.  **Defamation of Character - $200,000.00**

**Explanation**: The unlawful and inaccurate reporting of child support obligations has defamed the Plaintiff's character. The dissemination of false information to credit bureaus and other entities has caused reputational harm and financial hardship.

211. **Mail Threats - $5,000.00**

**Legal Basis**: 18 U.S.C. § 876

**Explanation**: The Plaintiff received numerous threatening letters from the DOR, which constitutes mail threats. These letters exacerbated the emotional distress and mental anguish already being experienced.

212. **Unauthorized Communication - $25,000.00**

**Explanation**: There have been unauthorized communications regarding the Plaintiff's personal information and child support obligations. These unauthorized disclosures have violated the Plaintiff's privacy rights.

213. **Legal (Sundry) Research and Response Costs - $30,000.00**

**Explanation**: The Plaintiff has incurred significant costs in conducting legal research and responding to the actions of the DOR. This includes preparing and

filing necessary legal documents and obtaining professional legal advice to navigate the complex legal landscape.

### 214.   Miscellaneous Expenses (Notary, Postage, Gas, Mileage) - $500.00

**Explanation**: The Plaintiff has incurred various out-of-pocket expenses related to notary services, postage for mailing legal documents, gas, and mileage for attending court visits and other related activities.

### 215.   Seized Funds Reimbursement - $20,000.00

**Explanation**: The Plaintiff seeks reimbursement for the approximately $20,000.00 seized from their wage garnishment without proper legal authorization or due process, violating the plaintiff's Fourth Amendment rights.

**Total Damages: $680,300.00**

The plaintiff asserts that the total damages of $680,300.00 are justified based on the profound and multifaceted harm experienced. The unlawful actions and negligence of the DOR have caused substantial emotional, psychological, and financial harm. The award of these damages is necessary to compensate for these losses and to hold the responsible parties accountable for their actions.

I affirm, under the penalties for perjury, that the foregoing representations are true.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

Sincerely and without ill will, vexation, or frivolity,

Without Recourse, Without Prejudice, i.e.,

 all Natural, Unalienable Rights Reserved

By:  Beau-James: Hendricks TTEE
c/o 64 American Lane
Gillette, Wyoming Republic [zip code exempt]
a Titled Secured Party, creditor,
owner, principal, surety, the man.

Date: 8-31-2024